**FILED**

MAY 29 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY GOLDBERG, | Case No. C 15-0169 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| JOHN DIGIACINTOIS, | |
| Defendant. | |

Plaintiff, a California state civil detainee proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff is currently being housed at Coalinga State Hospital under California's Sexually Violent Predator Act ("SVPA"). Plaintiff's motion to proceed in forma pauperis is GRANTED.[1]  For the reasons stated below, plaintiff's complaint is DISMISSED without prejudice.

///

///

///

---

[1] The financial reporting and full filing fee requirements of 28 U.S.C. § 1915(a)(2) & (b) apply only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses, and therefore do not apply to individuals civilly committed under SVPA. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

Order of Dismissal
P:\PRO-SE\LHK\CR.15\Goldberg169dis.wpd

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISCUSSION

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff names as defendant, John Digiacintois, a Supervising Attorney at the San Mateo County Private Defender Program. Defendant was the direct supervisor of plaintiff's appointed defense counsel at plaintiff's 2010 or 2011 SVPA trial. Plaintiff claims that defendant violated plaintiff's civil rights by failing to adequately supervise and train plaintiff's attorney. According to plaintiff, defendant's failure led to plaintiff's receiving ineffective assistance of counsel in the SVPA proceedings, which in turn led to plaintiff's civil commitment. In addition, plaintiff claims that the SVPA was being implemented in a way that violated plaintiff's due process rights and right to equal protection based on a "fraudulent assessment scheme." Plaintiff also alleges that plaintiff was "irrationally denied the substantive benefits of outpatient treatment" in lieu of civil commitment. Plaintiff asserts that defendant knew that the Department of State Hospitals used faulty assessment schemes to determine whether plaintiff was likely to re-offend, and that defendant failed to properly train plaintiff's attorney to successfully investigate and challenge

1  the Department of State Hospitals' assessment schemes.  Plaintiff seeks ten million dollars in
2  damages and a declaratory judgment.

3      As an initial matter, the court notes that plaintiff filed a civil rights complaint on
4  November 25, 2014, against the Director of the California Department of State Hospitals and
5  several Coalinga State Hospital Directors.[2]  *See Goldberg v. Allenby*, No. 15-cv-00112 LJO MJS
6  (PC) (E.D. Cal. 2014) ("*Goldberg I*").  The substance of plaintiff's claims in *Goldberg I* is the
7  same as the claims in the underlying case, i.e., that the assessment schemes were fraudulent and
8  the denial of outpatient treatment violated plaintiff's constitutional rights.  On February 9, 2015,
9  the court in *Goldberg I* dismissed plaintiff's claims, concluding that they were barred under
10 *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

11     Similarly here, plaintiff's claims for monetary damages and declaratory relief are not
12 permitted.  The United States Supreme Court has held that to recover damages for an allegedly
13 unconstitutional confinement, or for other harm caused by actions whose unlawfulness would
14 render the confinement invalid, a plaintiff must prove that the judgment has been reversed on
15 direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
16 make such determination, or called into question by a federal court's issuance of a writ of habeas
17 corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The rationale of *Heck* applies to
18 detainees under an involuntary civil commitment scheme such as California's SVPA where
19 habeas relief is available.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005).
20 Such a detainee's claim for damages and declaratory relief must be dismissed without prejudice
21 under the rationale of *Heck* if success on the claim would necessarily imply the invalidity of the
22 detainee's civil commitment.  *See id.* at 1140-42.  Here, if plaintiff were successful on his claims
23 that his civil commitment violates his rights to due process and equal protection, his success
24 would necessarily imply the invalidity of his commitment.  Accordingly, plaintiff's claims are
25 dismissed without prejudice until and unless his civil commitment is overturned or otherwise
26

27  _____

28     [2] Plaintiff initially filed that case in the Northern District of California.  It was
    subsequently transferred to the Eastern District of California under 28 U.S.C. § 1406(a).

1  called into question. *See, e.g.*, *Graves v. Supervising Deputy*, No. 15-cv-0548 JLT PC, 2015 WL

2  1680103 (E.D. Cal. April 14, 2015) (report and recommendation dismissing similar claims for

3  lack of jurisdiction and under *Heck*); *Atualevao v. Bellas*, No. 15-0394 WHA (N.D. Cal. April 1,

4  2015) (dismissing similar claims under *Heck*).

5                                   **CONCLUSION**

6          For the reasons set out above, this action is DISMISSED without prejudice.  The Clerk

7  shall terminate all pending motions and close the file.

8          IT IS SO ORDERED.

9  DATED:  5/27/2015                        Lucy H. Koh

10                                          LUCY H. KOH
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28